**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| Jacobi Burt, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Bakkalapulo & Associates, P.A., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

For this Complaint, the Plaintiff, Jacobi Burt, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and N.C. Gen.Stat. § 75-50 et seq., in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jacobi Burt ("Plaintiff"), is an adult individual residing in Fort Bragg, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Bakkalapulo & Associates, P.A. ("Bakkalapulo"), is a Florida business entity with an address of 111 N. Belcher Road, Suite 201, Clearwater, Florida 33765, operating as a law firm and/or collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6.      The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Bakkalapulo for collection, or Bakkalapulo was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bakkalapulo Engages in Harassment and Abusive Tactics

10.      Bakkalapulo first placed a call to Plaintiff on June 23, 2011 in an attempt to collect the Debt. During Bakkalapulo's first conversation with Plaintiff, it demanded that Plaintiff make a payment towards the Debt by June 30, 2011.

2

11.     Bakkalapulo threatened to seize Plaintiff's home and vehicle and seize his bank account if he did not make a payment towards the Debt by June 30, 2011. No such action has been taken to date.

12.     Bakkalapulo told Plaintiff that if he did not immediately pay the Debt, then he would likely incur more legal fees than the cost of the Debt.

13.     Plaintiff informed Bakkalapulo with his new address in the first phone call.

14.     Bakkalapulo failed to send Plaintiff a "30-Day Validation Notice."

15.     Bakkalapulo's demand for immediate payment of the Debt overshadows Plaintiff's right under Federal law to request verification of the Debt within the following thirty (30) days.

16.     Bakkalapulo sent Plaintiff a debt settlement plan in an attempt to collect the Debt without informing Plaintiff of his right to dispute the debt.

## C.  **Plaintiff Suffered Actual Damages**

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress and frustration.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21.     The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

22.     The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with seizure of his property if the Debt was not paid.

23.     The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with attachment of his property if the Debt was not paid.

24.     The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

25.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiff a validation notice stating the amount of the Debt.

27.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

28.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

4

29.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

30.     The Defendant's conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

31.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

35.     The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

36.     The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

37.     The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendant falsely represented the character, extent, or amount of a debt against the Plaintiff or of its status in legal proceeding.

5

38.     The foregoing acts and omissions of the Defendant constitute a violation of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of Defendant's violation.

**COUNT III**
**VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,**
**N.C. Gen.Stat. § 75-1.1, et seq.**

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.      The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

42.     The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

43.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

6

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 15, 2011

Respectfully submitted,

By  /s/ Stacie Watson

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile:  (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

7